**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

S.S., a minor, by V. S. and C. S., her next
friends, parents and natural guardians,

**Plaintiff,**

-vs-                                                                    Case No. 6:11-cv-1145-Orl-31GJK

PRINCETON HOUSE CHARTER
SCHOOL, INC.,

**Defendant.**

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 9) filed by Defendant, Princeton House Charter School, Inc. ("PHCS"), and the Response (Doc. 13) filed by Plaintiff, S.S.

**I. Background**

Plaintiff filed this action on July 11, 2011 alleging a § 1983 claim against PHCS for various Constitutional violations in Count I and negligent hiring in Count II. Defendant filed the instant Motion to Dismiss on August 29, 2011, pursuant to FED. R. CIV. P 12(b)(6).

The following facts are alleged in the Complaint and are taken as true for the purpose of ruling on the Motion to Dismiss. S.S. is a six-year old child with non-verbal autism who was enrolled as a student at PHCS, a charter school in Orange County, Florida. The instant action arose from two incidents of alleged abuse that occurred in November 2010 and January 2011. The November 2010 incident began when two employees of PHCS instructed several students to crawl through a translucent "fabric tunnel." (Doc. 1, ¶ 33). Prior to entering the tunnel, S.S. began to exhibit signs of

severe distress by "screaming and crying out in fear." Rather than gently encouraging her, the employees physically "shoved" S.S. into the tunnel and closed the other the end, trapping her inside. As a result of being in the confined space, S.S. panicked, crying and screaming as she tried to escape the tunnel. She was then grabbed by the arms and "forcefully dragged" out of the tunnel and over to a trampoline. (Doc. 1, ¶ 36). The next incident occurred in January 2011. On the day in question, S.S. was sitting quietly in her chair when she was forcibly dragged across the classroom by PHCS employees and restrained by placing the back of her sweater over the back of a chair. (Doc. 1, ¶¶ 48-49). S.S. struggled and cried for approximately ten minutes before the chair tipped over and landed on top of her. (Doc. 1, ¶¶ 52-53). As a result of these events, S.S. suffered severe psychological trauma and bruises on the neck and body.

## II. Standards

### A. Motions to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a

short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

### B. 42 U.S.C. § 1983

To state a claim under § 1983 a plaintiff must show "(1) the violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011). Corporal punishment in school can constitute a violation of a student's Fourteenth Amendment Due Process rights under the first prong of the test only when the conduct alleged "shocks the conscience." *Dacosta v. Nwachukwa*, 304 F.3d 1045 1048 (11th Cir. 2002). To meet this standard, a Plaintiff must show, (1) a school official intentionally used an amount of force that was obviously excessive under the circumstances, and (2) the force used presents a reasonably foreseeable risk of serious bodily injury. *Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069, 1075 (11th Cir. 2000). Although the second prong of the test requires a person act "under color of state law," an otherwise private actor can be held liable in three circumstances: (1) when the private actor is performing functions that have traditionally been the exclusive prerogative of the state (the public function test); (2) when the government coerced or

significantly encouraged the unconstitutional actions at issue (the state compulsion test); or (3) when the state and the private party were joint participants in a common enterprise (the nexus/joint action test). *Id*. (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

**III. Discussion**

Defendant argues that PHCS has not sufficiently stated a claim under § 1983 because (1) the allegations do not "shock the conscience," as required to establish the violation of a constitutional right; and (2) that PHCS was not acting under color of state law. As for the first argument, Plaintiff cites several cases for the proposition that emotional injuries are relevant to this determination, *see, Slicker v. Jackson*, 215 F.3d 1225 (11th Cir. 2000); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986), but these cases only discuss whether a Plaintiff can recover damages for emotional and psychological abuse, not whether such abuse is relevant in considering whether the conduct rises to the level of "shocking the conscience." In fact, this Court noted that "verbal abuse is normally not a constitutional violation." *G.C. ex rel. Cosco v. School Bd. of Seminole County, Florida*, 639 F. Supp. 2d 1295, 1304 (M.D. Fla. 2009) (citing *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000)). The test outlined by the Eleventh Circuit focuses not on psychological harm, but instead requires "a reasonably foreseeable risk of serious bodily injury." *Neal*, 229 F.3d at 1075.

The allegations of physical harm in this case include, grabbing of the arms, dragging across a room, and physical restraint resulting in bruising on the neck and body. This Court has found similar allegations sufficient to survive a motion to dismiss under § 1983 in *A.B. ex rel. Baez v. Seminole County Sch. Bd.*, 2005 WL 2105961 (M.D. Fla. August 31, 2005) (finding that being slapped, struck, grabbed and choked in addition to verbal abuse of an autistic child was sufficient to meet the "shock

the conscience" standard for the purposes of a motion to dismiss). Further, this Court has noted that the "conscience shocking threshold is more quickly reached in cases where the victim is particularly vulnerable to abuse and otherwise defenseless." *G.C. ex rel. Cosco*, 639 F. Supp. 2d at 1305. Taken in a light most favorable to Plaintiff, the allegations in the Complaint are sufficient to state a claim for a Constitutional violation under § 1983.

Neither party appears to contest that PHCS is a private entity. Therefore, Plaintiff must meet one of the three tests outlined above to satisfy the "under color of state law" requirement in § 1983. The Complaint alleges that PHCS is organized under Section 1002.33 of the Florida Statutes which states, *inter alia*, "[a]ll charter schools in Florida are public schools." Defendant cites no case law for its position, instead it cites several provisions in Section 1002.33 which allow charter schools some autonomy in organization and operation. In response, Plaintiff cites other provisions which provide for accounting and oversight by the state. Read in a light most favorable to the Plaintiff, there are sufficient allegations to suggest that the "nexus/joint action test" can be met. The Complaint also includes allegations which support application of the "public function test." Therefore, the Complaint sufficiently states a claim for relief under § 1983.[1]

In light of the foregoing, Defendant's Motion to Dismiss (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 20, 2011.

Copies furnished to:

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Counsel of Record

---

[1] Defendant's only argument regarding the negligent hiring claim in Count II is that the Court will lose supplemental jurisdiction over the state law claim if it dismisses Count I. Since the Court will deny Defendant's motion as to Count I, its motion as to Count II is moot.

Unrepresented Party